**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS AMEZQUITA,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>　　　　　　Defendant. | CASE NO. ED CV 12-00102 RZ<br><br>MEMORANDUM OPINION AND ORDER |

　　　　　　Plaintiff Juan Carlos Amezquita complained of both physical and mental impairments, but was found not to be disabled. He seeks review of the Commissioner's decision, and makes two arguments for reversal. First, he asserts that an expert witness, upon whose testimony the Administrative Law Judge relied, was not in fact board certified as the Administrative Law Judge stated in her decision. Second, he asserts that the Administrative Law Judge wrongly discounted the opinions of the mental health professionals who treated Plaintiff. The Court disagrees with Plaintiff on both points.

　　　　　　One of the medical experts was Sami Nafoosi, M.D. The Administrative Law Judge referred to him as "a board certified internist." [AR 315] In this Court, however, Plaintiff presents evidence that Dr. Nafoosi was not board certified at the time of the administrative decision, and the Commissioner does not assert that he was. It is a very serious matter for a doctor to misrepresent that he is board certified when he is not and, in

Dr. Nafoosi's case, this situation has led to a reversal of the administrative decision in other cases. *See Bogosian v. Astrue*, 2012 WL 1956861 at *2-3 (C.D. Cal. 2012).

In this case, however, Plaintiff makes no other argument about any errors in the Administrative Law Judge's determination as to his physical impairments, despite the fact that the bulk of the medical records, and most of the focus in this case, centered on Plaintiff's physical impairments. Plaintiff does not even argue that the decision would have been different, or even *might* have been different, if the Administrative Law Judge had not accepted Dr. Nafoosi's opinion. Under the circumstances of this case, therefore, the Court does not find that the misstatement as to Dr. Nafoosi's board certification merits a reversal.

Plaintiff's second argument concerns the Administrative Law Judge's acceptance of the opinion of Dr. Malancharuvil, who testified as an expert on mental impairments, over the opinions of Drs. Ortigo (a psychologist) and Summerour (a psychiatrist), two of Plaintiff's treating physicians. Generally, a treating physician's opinion is considered more persuasive than that of a non-treating, examining physician, and the opinion of an examining physician is considered more persuasive than that of a non-treating-non-examining physician. *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001), citing *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) and 20 C.F.R. § 404.1527(d). However, while the opinion of a non-treating, non-examining physician cannot by itself stand as substantial evidence supporting the Administrative law Judge's decision, it can do so when combined with other factors. *Morgan v. Apfel,* 169 F.3d 595, 602-03 (9th Cir. 1999).

Here, the Administrative Law Judge gave four reasons for not accepting the assessments made by Dr. Ortigo in 2007 and 2009. First, she stated that Plaintiff's actual ability to function had been greater than that assessed by Dr. Ortigo. Second, she stated that Dr. Ortigo's assessment was more severe than that made in the same time frame by Plaintiff's treating psychiatrist Dr. Summerour. Third, she stated that Dr. Ortigo's assessment was internally inconsistent. Fourth, she stated that there was no reliable

indication that Dr. Ortigo's 2007 and 2009 assessments accurately described Plaintiff's condition before 2005, when his disability coverage ran out. [AR 320]

The Administrative Law Judge gave three reasons for not accepting Dr. Summerour's 2007 assessment of Plaintiff's capabilities. First, she said that Dr. Summerour's quite restrictive opinion of Plaintiff's capabilities was inconsistent with the doctor's own treating records, which indicated mild to moderate functional impairments. Second, she said that the opinions were inconsistent with the course of treatment, which consisted of medication management every two or three months. Third, she said that there was no indication that Dr. Summerour's 2007 opinion pertained to Plaintiff's state as of 2000-2005, the period of disability coverage.

These reasons are all specific and legitimate. Another administrative law judge might interpret them differently, but the Court is bound by the interpretation given by this administrative law judge. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When these reasons are coupled with the opinion of the consultant Dr. Malanchuravil as to Plaintiff's residual functional capacity, substantial evidence backed the decision of the Administrative Law Judge.

In accordance with the foregoing, the decision of the Commissioner is affirmed.

DATED: October 26, 2012

                                                RALPH ZAREFSKY
                                 UNITED STATES MAGISTRATE JUDGE